IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

DENEANE CAMPBELL, as Personal
Representative of the ESTATE OF
K███ A███, DECEASED,

CASE NO.:

Plaintiff,

v.

THE CITY OF JACKSONVILLE,
MIKE WILLIAMS, individually and in his
Official Capacity as Sheriff of the Consolidated
City of Jacksonville and Duval County, and
J.C. NOBLES,

Defendants.
_____/

## COMPLAINT

Plaintiff, Deneane Campbell, as Personal Representative of the Estate of K███ A███ deceased, files this complaint against Defendants MIKE WILLIAMS, CITY OF JACKSONVILLE and J.C. NOBLES and alleges:

### Common Allegations

1. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is brought pursuant to the Florida Wrongful Death Act, Section 768.16, et seq., Florida Statutes and Section 768.28., Florida Statutes; and pursuant to, 42 U.S.C. § 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

1

2. Plaintiff has complied with the notice provisions of all relevant Florida Statutes and municipal ordinances prior to the filing of this lawsuit. On January 23, 2017, Plaintiff served on Defendant, City of Jacksonville the notice required by Florida Statutes § 768.28, and the Jacksonville Municipal Ordinances. More than six (6) months have elapsed since this notice was provided.

3. Plaintiff, DENEANE CAMPBELL, is a resident of Jacksonville, Duval County, Florida, is the natural mother of K███ A███, deceased, and is the Personal Representative of K███ A███'s Estate.

4. Decedent, K███ A███ was a resident of Jacksonville, Duval County, Florida. His death occurred in Jacksonville, Duval County, Florida. At the time of his death, Decedent, K███ A███ was sixteen (16) years old.

5. Pursuant to the Florida Wrongful Death Act, the only known survivors of Decedent, K███ A███ are DENEANE CAMPBELL, his mother, and Charles Alston, his father.

6. Defendant, MIKER WILLIAMS was, at all times material, the duly elected Sheriff of Jacksonville, Duval County, Florida, and an adult citizen and resident of Jacksonville, Duval County, Florida. Defendant, MIKE WILLIAMS, in his capacity as Sheriff, was responsible for the supervision, training, instruction, control, discipline and conduct of the employees and agents of the Jacksonville Sheriff's Office, an agency of the City of Jacksonville.

7. Defendant, J.C. NOBLES was, at all times material, an officer acting within the course and scope of his employment by the Jacksonville Sheriff's Office and the City of Jacksonville. At all times material, Nobles acted in conformance with the policies of

2

Defendant, MIKE WILLIAMS, and the Jacksonville Sheriff's Office and acted under color of state law.

8. On March 19, 2015, at approximately 1:30 PM, Defendant, J.C.NOBLES responded in his patrol vehicle to a report of a stolen vehicle in the area of a dead end on Sycamore Street in Jacksonville, Florida. Defendant, J.C. NOBLES identified the reported vehicle and waited for additional Officers to arrive and set up a tactical plan.

9. Defendant, J.C.NOBLES observed two African American males approach the vehicle and enters it. He reported this by radio and began to approach in his vehicle without sirens or lights activated. The other vehicle then began to drive towards Defendant, J.C. NOBLES, passing him. Defendant, J.C. NOBLES activated his siren and lights and pursued the vehicle.

10. After a short pursuit, the vehicle crashed into bushes near Anderson Road. Defendant, J.C. NOBLES stopped behind the vehicle, exited his patrol vehicle, and drew his weapon. At that time, two African American males exited the other vehicle, including Decedent, K█████ A█████, and fled on foot. Defendant, J.C.NOBLES identified a weapon in the hands of Decedent, K█████ A█████. Defendant, J.C.NOBLES fired two shots at A█████ and pursued on foot.

11. Decedent, K█████ A█████ discarded the weapon he was carrying. He fled a short distance and crouched behind a parked vehicle on the side of a home at or near 1860 Helen Street. At that time, Defendant, J.C.NOBLES approached on foot, stood and turned to flee at which time Defendant, J.C.NOBLES, fired two shots, striking Decedent, K█████ A█████ in the back of the head.

12. Decedent, K▓▓▓▓ A▓▓▓▓ was transported to Shands Trauma Center where he was declared dead later that day. Decedent, K▓▓▓ A▓▓▓▓ died as a direct and proximate result of the defendants' negligence and wrongful conduct as alleged herein.

13. As a result of the Death of K▓▓▓▓ A▓▓▓ his survivors have suffered the loss of his comfort, companionship, and society and have experienced mental pain and suffering as well as other damages recoverable under section 768.21, Florida Statutes. These losses are continuing in nature and the survivors will suffer them in the future.

14. As a result of the death of K▓▓▓ A▓▓▓, the Estate of Decedent, K▓▓▓ A▓▓▓ has incurred medical and funeral expenses and has suffered other damages recoverable under Section 768.21, Florida Statutes, including the loss of net accumulations.

## COUNT I
## NEGLIGENCE OF DEFENDANT CITY OF JACKSONVILLE

15. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-14 herein.

16. The Defendant, CITY OF JACKSONVILLE by and through its law enforcement officers, agents and employees, had the duty to use reasonable care in the exercise of deadly force in the pursuit of suspects, including suspects who were fleeing. Notwithstanding that duty, the Defendant, CITY OF JACKSONVILLE, by and through its officers, agents, and employees, did, or failed to do, one or more of the following acts, any one or more of which were a violation of the duty of reasonable care:

   a. Defendant, J.C. NOBLES, acting in the course and scope of his employment by the Defendant, CITY OF JACKSONVILLE, failed to conform to the following policies of the Jacksonville Sheriff's Office

      i. General order LXXII.0 (72), section V (deadly force policy);

      ii. General Order LXXII.0, (72) section XV (firearms policy);

b. After calling for backup, Defendant, J.C. NOBLES, acting in the course and scope of his employment by the Defendant, CITY OF JACKSONVILLE, approached the decedent's vehicle and used deadly force without waiting for the arrival of the requested backup;

c. Defendant, J.C. NOBLES used deadly force in the absence of appropriate conditions for the use of such deadly force, including, but not limited to the fact that the decedent was a minor, fleeing away from the officer, and was no longer armed;

d. Defendant, J.C. NOBLES acting in the course and scope of his employment by the Defendant, CITY OF JACKSONVILLE, used excessive force under all the relevant surrounding facts and circumstances, including, but not limited to the fact that the decedent was a minor, fleeing away from the officer, and was no longer armed;

e. The Defendant, CITY OF JACKSONVILLE, failed to properly train Defendant, J.C. NOBLES in the use of deadly force;

f. The Defendant, CITY OF JACKSONVILLE, failed to properly supervise Defendant, J.C. NOBLES in the use of deadly force.

g. The Defendant, CITY OF JACKSONVILLE, failed to properly discipline Defendant, J.C. NOBLES after multiple improper prior uses of deadly and/or excessive force.

    h. The Defendant, CITY OF JACKSONVILLE, failed to follow an early warning protocol which, if followed, would have resulted in additional evaluation and training of Defendant, J.C. NOBLES thereby making the death of Decedent, K███ A███ less likely to have occurred.

    i. Defendant, CITY OF JACKSONVILLE, failed to take appropriate corrective measures to prevent unjustified officer shootings of suspects in light of the documented history within the Jacksonville Sheriff's office of such unjustified shooting carried out by officers, particularly shooting involving unarmed, African-American, male suspects.

17. As a direct and proximate result of the negligence of the defendants as alleged herein, the decedent's Estate and survivors have suffered the losses, injuries, and damages alleged in paragraphs 13-14 herein.

WHEREFORE, Plaintiff DENEANE CAMPBELL, as Personal Representative of the Estate of K███ A███, Deceased, demands judgment against Defendant CITY OF JACKSON, for damages in excess of $75,000.00, together with costs of this action.

## COUNT II
### DEPRIVATION OF LIFE WITHOUT SUBSTANTIVE DUE PROCESS BY DEFENDANT NOBLES

18. Plaintiff, DENEANE CAMPBELL re-alleges and incorporates by reference the allegations of paragraphs 1-16 herein.

19. The conduct of Defendant, J.C. NOBLES in fatally shooting the unarmed, minor, decedent who was running away from him, was intended to cause harm unjustifiable by any governmental interest, shockingly offends a universal sense of justice and

conscience, and deprived Decedent, K███ A███ of his life without due process of law, which is actionable under 42 U.S.C. section 1983, as a violation of the Fourth and Fourteenth Amendment to the Constitution of the United States.

20. The actions or inactions alleged above were undertaken with Defendant, J.C. NOBLES willful, wanton, callous and knowing disregard to the clearly established rights of Decedent, K███ A███ to not be deprived of life without due process of law.

21. As a direct and proximate result of the wrongful conduct of Defendant, J.C. NOBLES as alleged herein, K███ A███'s Estate and survivors suffered the damages, losses, and injuries alleged in paragraphs 13 and 14 herein.

22. WHEREFORE, Plaintiff, DENEANE CAMPBELL as personal representative of the estate of Decedent, K███ A███ deceased demands judgments against Defendant, J.C. NOBLES for actual and compensatory damages, punitive damages, and attorney's fees and costs.

### COUNT III
### MUNICIPAL LIABILITY FOR DEPRIVATION OF LIFE WITHOUT SUBSTANTIVE DUE PROCESS

23. Plaintiff, DENEANE CAMPBELL, re-alleges and incorporates by reference paragraphs 1-16 herein

24. Defendant, MIKE WILLIAMS, through his agents and employees, acting within their authority and under color of state law, instituted customs, practices, and/or policies that violated fundamental human rights and justice in such a way that shocks the conscience and that directly deprived Decedent, K███ A███ of his life and liberty without due process of law, which is actionable under 42 U.S.C. section 1983, as a violation of

the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

25. Additionally, by failing to adequately discipline his officers for their actions and inactions, Defendant, MIKE WILLIAMS has ratified the officers' decisions and their reasons for those decisions, thus constituting a custom, practice, and/or policy.

26. Alternatively, Defendant J.C NOBLES while acting at the scene was the final policymaker for Defendant MIKE WILLIAMS's as his decisions were not immediately or effectively reviewable.

27. Additionally, prior to the shooting of K███ A███, defendant MIKE WILLIAMS, failed to adequately train his agents and employees with respect to the use of deadly force in pursuit of fleeing and unarmed suspects, particularly African American, male, suspects despite a clear and obvious need for such training reflected in the clear pattern of unconstitutional officer shootings. The failure to act in light of such obvious need constitutes deliberate indifference. The aforementioned customs practice and policies were the moving force of the constitutional deprivations suffered by K███ A███

28. As a direct and proximate result of the wrongful conduct alleged herein, K███ A███'s estate and survivors have sustained the damages, injuries, and losses alleged in paragraphs 13-14 herein.

29. WHEREFORE, Plaintiff, DENEANE CAMPBELL, as Personal Representative of the Estate of K███ A███, deceased, demands judgment against Defendant, CITY OF JACKSONVILLE for actual and compensatory damages, punitive damages, and attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff, DENEANE CAMPBELL, hereby demands a trial by jury as to all issues.

Signed this 12th day of July, 2017.

                                      NICHOLS & PINA, LLLP

                                      BY: _____
                                      THEODORE S. PINA, JR.
                                      FL Bar No.: 0095192
                                      300 West Adams Street, Suite 130
                                      Jacksonville, Florida 32202
                                      (904) 353-3300 (P) (904) 353-3315 (F)
                                      Attorney for Plaintiff
                                      ted@nicholsandpina.com