UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENEANE CAMPBELL, as Personal
Representative of the Estate of
K.A., Deceased,

        Plaintiff,

vs.                          Case No.: 3:17-cv-00914-MMH-JRK

                                **DISPOSITIVE MOTION**

THE CITY OF JACKSONVILLE,
MIKE WILLIAMS, individually and in his
Official Capacity as Sheriff of the Consolidated
City of Jacksonville and Duval County, and
J.C. NOBLES,

        Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants, THE CITY OF JACKSONVILLE, FLORIDA ("City")[1] and J.C. NOBLES,

pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, hereby move to dismiss Plaintiff's

Complaint (Doc. 2), <u>with prejudice</u>, for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint alleges as follows: Count I (Negligence of Defendant City of

Jacksonville); Count II (Deprivation of Life Without Substantive Due Process by Defendant

Nobles); and Count III (Municipal Liability for Deprivation of Life Without Substantive Due

Process). Plaintiff's Complaint should be dismissed because the statute of limitations has

---

[1] Plaintiff sues "Defendant, Mike Williams" in his capacity as the "duly elected" Sheriff of Jacksonville, Duval County, Florida. (Compl., ¶6). A suit against a public official in his official capacity is treated as a suit against the local government entity he represents; in this case, the City of Jacksonville. *See* <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985); <u>Owens v. Fulton County</u>, 877 F.2d 947, 951 n. 5 (11th Cir. 1989). Plaintiff also sues the "City of Jacksonville" as a named defendant. (Compl., ¶2, 16). Accordingly, there is but one municipal defendant, the City of Jacksonville, to which Counts I (state law claim) and III (federal claim) are directed. Further for clarity, references herein to Sheriff Williams, the Jacksonville Sheriff's Office ("JSO") and the City of Jacksonville (the "City"), are one and the same unless otherwise noted and are used interchangeably as the context warrants.

expired and because the Complaint fails to state a claim upon which relief can be granted. Specifically, the City moves to dismiss Counts I and III against it with prejudice. Nobles moves to dismiss Count II against him with prejudice.

## MEMORANDUM OF LAW

### Motion to Dismiss Standard

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "[B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, should therefore be rejected as "conclusory and not entitled to be assumed true." Id. at 681; see also S.D. v. St. Johns County School Dist., 2009 WL 2381287 (M.D. Fla. 2009).

"To survive a motion to dismiss, a complaint must plead enough factual matter that, if taken as true, suggests that the elements of the cause of action will be met. Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Thus, the well-pleaded factual allegations must be taken as true, *and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.*" Jones v. Jenne, No. 07-60839-CIV, 2008 WL 2323890 *1 (S.D. Fla., June 2, 2008) (emphasis added).

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). Although a court must accept well-pled facts as true, it is not required to accept a plaintiff's legal conclusions. Iqbal, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Nor is a court is "required to draw plaintiff's inference." Sinaltrainal, 578 F.3d at 1260 (internal citation and quotations omitted). Further, "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss." Sinaltrainal, 578 F.3d at 1261; *see also* Iqbal, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (*quoting* Twombly, 550 U.S. at 557)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." Id. at 570.

## Count I – Negligence Against City (state law claim)

### 1. Statute of Limitations Has Expired

Plaintiff's Complaint is subject to dismissal as the applicable statute of limitations has expired. Plaintiff alleges that on March 19, 2015, Officer J.C. Nobles shot and killed K.A. during a police pursuit. (Complaint, ¶¶ 8-11). Later on March 19, 2015, K.A. was declared deceased. (Complaint, ¶ 12).

Count I alleges negligence against the City pursuant to Florida's Wrongful Death Act, Florida Statutes § 768.16-768.28. This cause of action is subject to a two-year statute of limitations. *See* Florida Statute § 95.11(4)(d).

Plaintiff's wrongful death claim began to accrue on the date of K.A.'s death, March 19, 2015. <u>Fulton Cty. Adm'r v. Sullivan</u>, 753 So. 2d 549, 552 (Fla. 1999). As a wrongful death claim must be brought within two years after the claim accrues, Plaintiff's wrongful death claim must have been brought by March 20, 2017.[2]

During the running of the statute, on January 23, 2017, Plaintiff provided pre-suit notice of its wrongful death claim pursuant to Florida Statute § 768.28(6)(a) to the City of Jacksonville. (Complaint, ¶2). Florida Statute § 768.28(6)(a) requires that a claimant must present a claim to the appropriate agency and receive a written denial before the claim may be instituted. The statute of limitations is tolled for the period of time taken by the appropriate agency to deny the claim. Florida Statute § 768.28(6)(d). In wrongful death claims, the failure of the City of Jacksonville to make a final disposition of a claim within 90 days is deemed a denial. <u>Id.</u> Therefore, in the instant case, the statute of limitations was tolled until the City of Jacksonville denied the claim, unless such time was more than 90 days.

In the instant case, as the City of Jacksonville did not provide a written denial, Plaintiff's claim was deemed denied 90 days after January 23, 2017, at which point the statute of limitations again began to run. Therefore, adding 90 days to Plaintiff's original statute of limitations deadline (March 20, 2017), Plaintiff's statute of limitations expired on **June 19, 2017**.

---

[2] March 19, 2017 was a Sunday. Therefore, pursuant to Florida Rule of Civil Procedure 1.090(a) and Florida Rule of Judicial Administration 2.514(a)(1)(C), the statute of limitations would be extended to Monday, March 20, 2017.

On the whole, Plaintiff's statute of limitations ran from March 19, 2015 until January 23, 2017, then from April 24, 2017[3] to June 19, 2017. Plaintiff filed her Complaint on **July 12, 2017**, outside the statute of limitations period. Thus, Count I should be dismissed with prejudice for failure to file within the applicable statute of limitations. *See* <u>Skyles v. McCoy</u>, No. 6:16-cv-1968-Orl-37TBS, 2017 WL 1322071 at 2-3 (M.D. Fla., April 6, 2017) (analyzing the tolling period and its effect on the wrongful death statute of limitations time period).

**2.        Count I is a "Shotgun" Pleading and Should be Dismissed**

Alternatively, Count I does not comply with Federal Rule of Civil Procedure 8(a)(2) because it does not provide a short and plain statement of the claim and it does not give the City adequate notice of the state law claim(s?) against it. As the Eleventh Circuit has stated:

> The purpose of [Federal Rules of Civil Procedure 8(a)(2) and 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], or these rules.

<u>Weiland v. Palm Beach City. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015), *quoting*

<u>T.D.S. Inc. v. Shelby Mut. Ins. Co.</u>, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Weiland</u>, 792 F.3d at 1323.

---

[3] Ninety days expired on April 23, 2017, a Sunday. Therefore, the statute of limitations would have started again on Monday, April 24, 2017.

Here, Count I presents multiple potential state law claims "interwoven in a haphazard fashion." Id. at 1320 (internal quotation marks and citation omitted). It is impossible to determine which one Plaintiff is attempting to state or what facts are offered in support of any particular claim. Thus, Count I is due to be dismissed as a shotgun pleading because it does not give the City adequate notice of the state law claim/claims against it. *See S*ledge v. Goodyear Dunlop Tires N. Am., Ltd., 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify [her] claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."); Boatman v. Town of Oakland, 76 F.3d 341, 343 n.6 (11th Cir. 1996) (characterizing a complaint that failed to place a defendant on notice of the claim against it and the grounds upon which it rested as a "'shotgun' pleading").

### 3.      Count I Fails to Allege a Cause of Action Under Florida Law

Count I purports to allege negligence on the part of the City on a host of grounds; the failure of Sgt. Nobles to follow JSO policy; Nobles's improper use of excessive and deadly force; the City's improper training of Nobles; the City's improper supervision of Nobles; the City's failure to properly discipline Nobles; and the City's wholesale failure to prevent unjustified officer shootings of suspects. *See* Plaintiff's Complaint, ¶16(a-i). None of Plaintiff's allegations are supported by any facts, nor do any of them present a viable negligence claim under Florida law.

### A.      Alleged Failure to Follow JSO Policy Does Not Amount to Negligence

Plaintiff improperly attempts to plead a claim of negligence against the City by alleging that Nobles failed to follow certain JSO policies. (Doc. 2: Complaint, ¶16(a)). Such an allegation is insufficient to establish a negligence claim because in "the context of governmental tort litigation, written agency protocols, procedures, and manuals do not create an independent

6

duty of care. While a written policy or manual may be instructive in determining whether the alleged tortfeasor acted negligently in fulfilling an independently established duty of care, it does not itself establish such a legal duty vis-a-vis individual members of the public." Pollock v. Florida Department of Highway Patrol, 882 So. 2d 928, 936-37 (Fla. 2004) (internal citations omitted). *See also* Alderman v. Lamar, 493 So. 2d 495, 497–98 (Fla. 5th DCA 1986) (holding that FHP regulation requiring officers to report damaged road signs did not impose a duty to report damaged signs, repair them, or warn motorists of the potential dangers), citing Mayo v. Publix Super Markets, Inc., 686 So. 2d 801, 802 (Fla. 4th DCA 1997) (holding that a company's internal safety policies may serve as evidence relevant to standard of care but do not themselves establish that standard); Gunlock v. Gill Hotels Co., Inc., 622 So. 2d 163, 164 (Fla. 4th DCA 1993) (same with regard to company policy); Metro. Dade County v. Zapata, 601 So. 2d 239, 243-44 (Fla. 3d DCA 1992) (same with regard to rules governing conduct of county lifeguards). An assertion that JSO operating policies create an independent duty of care to the Plaintiff is legally erroneous and cannot survive a motion to dismiss. Pollock, 882 So. 2d at 937.

### B. No Claim Exists Under Florida Law for Negligent Use of Deadly or Excessive Force

Plaintiff's apparent claim that the City is vicariously liable for Officer Nobles having "negligently" used deadly or excessive force against him is also without merit. First, there is no such cause of action as negligent use of excessive force under Florida law. City of Miami v. Ross, 695 So. 2d 486 (Fla. 3d DCA 1997); City of Miami v. Sanders, 672 So. 2d 46, 48 (Fla. 3d DCA 1996) (it is not possible to have a cause of action for negligent use of excessive force because there is no such thing as negligent commission of an intentional tort). Even from the scant facts alleged, it is clear that Nobles intentionally shot the Plaintiff. Further, the facts alleged, such as they are, do not establish that Officer Nobles created a "foreseeable zone of

risk," so as to give rise to any duty owed to Plaintiff and, thus, do not support any other theory that Officer Nobles acted "negligently" in the course of the encounter prior to shooting the Plaintiff.[4]

### C. Plaintiff is Barred from Pursuing a Claim for Negligent Training and Supervision Against the City as a Matter of Law

In Count I, Plaintiff seeks to litigate claims for both vicarious (employer) liability and "active" negligence (training and supervision) against the City. Plaintiff's active negligence claim is barred by operation of law. *See* Delaurentos v. Peguero, 47 So. 3d 879 (Fla. 3d DCA 2010), citing Mallory v. O'Neil, 69 So. 2d 313, 315 (Fla.1954) ("this Court is committed to the rule that if the employee is not liable the employer is not liable"); *see also* Miami-Dade County v. Cardoso, 922 So. 2d 301 (Fla. 3d DCA 2006) (Schwartz, J., concurring).

Delaurentos arose from a fatal police shooting following a traffic stop. Plaintiff's claims included a wrongful death action against the public body (Miami-Dade County) for vicarious liability and a claim against the county for negligent hiring, training, retaining, and supervising the officer. As explained by the court, Florida law does not permit a plaintiff to prosecute the latter where it is alleged that the alleged torts took place during the course and scope of employment:

> Florida cases distinguish between (a) acts committed within the
> scope and course of employment, and (b) acts committed outside

---

[4] In Wallace v. Dean, 3 So. 3d 1035 (Fla. 2009), the Florida Supreme Court provided the following disjunctive list of exceptions to the public-duty doctrine:

> A special tort duty . . . arise[s] when law enforcement officers
> become directly involved in circumstances which place people
> within a "zone of risk" [1] by creating or permitting dangers to
> exist, [2] by taking persons into police custody, [3] detaining them,
> or [4] otherwise subjecting them to danger.

Wallace, 3 So. 3d at 1048 (emphasis and footnotes omitted), *quoting* Pollock, 882 So. 2d at 935). None apply here.

the scope of employment. In the first situation, where acts were committed within the course and scope of employment, the basis of employer liability is respondeat superior. "As to this doctrine [respondeat superior] the negligence of the employer is immaterial since this Court is committed to the rule that if the employee is not liable, the employer is not liable." <u>Mallory v. O'Neil</u>, 69 So. 2d 313, 315 (Fla.1954); *see* <u>Garcia v. Duffy</u>, 492 So. 2d 435, 438 (Fla. 2d DCA 1986). Where, as here, a plaintiff alleges and a defendant admits that the alleged torts took place during the course and scope of employment, employer liability can only be pursued on the basis of respondeat superior and not on the basis that the employer was negligent. <u>Mallory</u>, 69 So. 2d at 315.

<u>Delaurentos</u>, 47 So. 3d at 882.

Here, it is alleged that the entire encounter between Plaintiff and Officer Nobles occurred in the course and scope of Nobles's employment by the City. (Doc. 2: Complaint, ¶7). Thus, the only negligence claim that can be maintained by the Plaintiff against the City is for vicarious liability based on Nobles's alleged negligence, *i.e.*, if Nobles was negligent, the City is liable. But the City cannot be sued for negligent training and/or supervision in the context of this case (Nobles's intentional shooting of Plaintiff) because it "is not, as a matter of law, a distinct theory of liability for compensatory damages which can form the basis of a separate award" where the actionable conduct was committed by an employee in the course and scope of his employment. <u>Cardoso</u>, 922 So. 2d at 302. Simply put, if Nobles was negligent, the City is liable to the extent of his negligence. If Nobles was not negligent, the City is not liable at all because the City's alleged negligence could not have been the proximate cause of any damage and hence is immaterial and irrelevant as a matter of law. Because the Plaintiff has failed to plead a viable negligence claim based on Nobles's conduct, Count I is should be dismissed.

Additionally, Plaintiff's failure to train claim should be dismissed because the City is immune from liability for this cause of action. "A city's decision regarding how to train its officers and what subject matter to include in training is clearly an exercise of governmental

discretion regarding fundamental questions of policy and planning." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001). In fact, the Eleventh Circuit has recognized that: "[t]o find otherwise would amount to judicial intervention, by way of tort law, into the fundamental decision making of the legislative and executive branches–a practice against which the Florida courts have repeatedly cautioned." Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1118-19 (11th Cir. 2005). Thus, the courts have recognized that a claim for negligent training is "barred by Florida's sovereign immunity law." See, e.g., id. at 1117. Accordingly, because the City's training of its officers is a discretionary function, Plaintiff's state law claim for negligent training must be dismissed on the basis of sovereign immunity.

Lastly, the Plaintiff's claims for negligent supervision should be dismissed because they fail to allege the essential elements required for that cause of action. In order to state a claim for negligent supervision, a plaintiff must show that the employer 1) knew or should have known of a particular employee's unfitness; 2) failed to take any corrective action; and 3) that the failure caused the alleged harm. Malicki v. Doe, 814 So. 2d 347, 362 n.15 (Fla. 2002); Watson v. City of Hialeah, 552 So. 2d 1146, 1149 (Fla. 3d DCA 1989). Importantly, the City must have had notice of the harmful propensities of the employee who actually caused the harm. Malicki, 552 So. 2d at 362; Inglesia Cristiana v. L.M., 783 So. 2d 353, 358 (Fla. 3d DCA 2001). "Furthermore, [and contrary to the Plaintiff's allegations that Nobles acted *in* the scope of his City employment], it is also necessary that the actions of the employee be performed *outside* the scope of employment." Total Rehab. & Med. Ctrs., Inc. v. E.B.O., 915 So. 2d 694, 696–97 (Fla. 3d DCA 2005); Watson, 552 So. 2d at 1148 ("By its very nature, an action for negligent retention involves acts which are *not* within the course and scope of employment and allows recovery even when an employer is not vicariously liable under the doctrine of *respondeat*

*superior*." (emphasis original)).  Here, the Plaintiff has not alleged that the City had any notice of harmful propensities of Nobles or any other JSO officer who harmed the Plaintiff, nor has Plaintiff alleged the remaining necessary elements of this tort.

**Counts II (Nobles) and III (City)**
**Substantive Due Process and Municipal Liability (Section 1983)**

**1.      Statute of Limitations Has Expired**

Plaintiff also failed to file her Section 1983 claims against Nobles and the City within the applicable statute of limitations.  "[T]he length of the limitations period governing a § 1983 action is dictated by state law."  Penoyer v. Briggs, 206 F. App'x 962 (11th Cir. 2006) (*citing* Wilson v. Garcia, 471 U.S. 261, 270-75 (1985)).  Generally, that means that section 1983 claims will be governed by a state's "residual or general personal injury statute of limitations."  Owens v. Okure, 488 U.S. 235, 236 (1989).

The statute of limitations question presented in this case is not controlled by the Supreme Court's decision in Owens, rendering Florida's general or residual personal injury statute of limitations inapplicable.  First, this case involves *death*, not personal injury.  (See Complaint, ¶12).  Florida law explicitly provides that "[w]hen a personal injury to the decedent results in death, *no action for personal injury shall survive*."  Florida Statute § 768.20 (emphasis added).

Moreover, the question presented to the Court in Owens was "what limitations period should apply to a § 1983 action where a State has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions."  Owens, 488 U.S. at 236.  Florida does not have one or more statutes of limitations for certain enumerated intentional torts and a residual statue for all other personal injury actions.  In Florida, these actions are all enumerated in Florida's four year statute of limitations listed in Florida Statute § 95.11(3).  As such, Florida does not provide multiple statutes of limitations for certain

enumerated intentional torts and a residual statute for all other personal injury actions and <u>Owens</u> is not applicable to the instant action. <u>Id.</u> at 250, n.12 ("Courts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions.").

Therefore, as this case involves death, not personal injury, this Court should apply the statute of limitations provided for in Florida's Wrongful Death Act–two years. *See* Florida Statute § 95.11(4)(d). Importantly, the Florida Legislature specifically addressed the statute of limitations for wrongful death claims against the state, its agencies, and subdivisions. See Florida Statute § 768.28(14). In 2011, the Florida Legislature amended Section 768.28(14) to state that any claim for wrongful death against the sovereign or its agencies were subject to a two-year statute of limitations. Therefore, Counts II and III should be dismissed with prejudice for failure to file within the two-year limitations period.

**2.      Plaintiff's Substantive Due Process Claim Should Be Dismissed**

In Counts II and III, Plaintiff purports to assert claims against Officer Nobles and the City of Jacksonville for Deprivation of Life Without Substantive Due Process. These counts should be dismissed because substantive due process claims are inappropriate based on the facts alleged.

Substantive due process claims are inappropriate if a claim is covered by a more specific provision of the U.S. Constitution, *i.e.*, the Fourth Amendment. <u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998). Courts should analyze what specific constitutional right a plaintiff's claim is brought under so the Court may properly analyze the validity of the claim under that specific constitutional standard. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). The Supreme Court made clear that "*all* claims that law enforcement officers have used excessive force–deadly or

not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395 (1989). This is because the Fourth Amendment provides an explicit textual source of constitutional protection against physically intrusive government conduct, rather than the general substantive due process. Id.

In the instant case, Plaintiff alleges Officer Nobles shot K.A. and he died later that same day. (Complaint, ¶11). Accordingly, Fourth Amendment, not Fourteenth Amendment, analysis applies because K.A. was impacted physically by the shooting. Carr v. Tatangelo, 338 F. 3d 1259, 1267 (11th Cir. 2003). Thus, based on the facts alleged, a substantive due process claim is unfounded and Counts II and III should be dismissed.

**3.      The Complaint Fails to Allege a Constitutional Violation**

To state a claim for relief under § 1983, a plaintiff must sufficiently allege that he or she was "deprived of a right secured by the Constitution or laws of the Unites States, and that the alleged deprivation was committed under color of state law." *See* Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276-77 (11th Cir. 2003) (quotation omitted).[5] Thus, Plaintiff's federal claims are subject to dismissal if the Complaint fails to allege a constitutional violation. *See* City of Los Angeles v. Heller, 475 U.S. 796, 106 S. Ct. 1571

---

[5] Plaintiff alleges that Nobles acted "under color of state law." (Complaint ¶7). However, when a §1983 claim is brought against a municipality, the plaintiff must also allege that the constitutional deprivation was the result of "an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *See* Denno v. Sch. Bd. of Volusia County, 218 F.3d 1267, 1276 (11th Cir. 2000) (citations omitted). Further, the plaintiff must show "a direct causal link between [the municipality's] policy or custom and the alleged constitutional deprivation." Snow ex rel. Snow v. City of Citronelle, 420 F.3d 1262, 1271 (11th Cir. 2005) (quotation omitted).

(1986). Taking all well-pled allegations as true, it is evident from the four-corners of the Complaint that no constitutional violation has been alleged; thus, the City and Nobles are entitled to a dismissal of the claims asserted in Counts II and III.

As reviewed above, the only pertinent and material <u>facts</u> alleged regarding Defendants' encounter with K.A. on March 19, 2015, show:

1) Sgt. Nobles identified a stolen vehicle and waited for additional offers to arrive (Complaint, ¶8);

2) Nobles observed two males enter the vehicle and drive past Nobles, while Nobles activated his emergency equipment and pursued the vehicle (Complaint, ¶9);

3) Nobles chased the two males on foot after they crashed the stolen vehicle and noticed the decedent, K.A., was holding a weapon. Complaint, ¶10);

4) Nobles continued to pursue K.A. on foot after he fired two shots at K.A. (Complaint, ¶10);

5) K.A. discarded his weapon and continued to flee on foot, eventually crouching behind a parked vehicle when Nobles approached and fired two more shots at K.A., striking him in the head. (Complaint, ¶11).

The Fourth Amendment "guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures. <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989). Thus, the amendment "provides the right to be free from the use of excessive force in the course of an investigatory stop or other seizure of the person." <u>Beshers v. Harrison</u>, 495 F.3d 1260, 1265 (11th Cir. 2007) (internal quotation marks omitted); <u>Mercado v. City of Orlando</u>, 407 F.3d 1152, 1156-57 (11th Cir. 2005). While the allegations in Count II are adequate to allege a seizure under the Fourth Amendment, not every seizure results in liability under § 1983; "the seizure must be

unreasonable." <u>Beshers</u>, 495 F.3d at 1266. Therefore, a complaint must allege sufficient facts to show that an officer's decision to shoot (the plaintiff) was objectively unreasonable. *See* <u>Scott v. Harris</u>, 550 U.S. 372, 381 (2007); <u>Graham</u>, 490 U.S. at 397; <u>Beshers</u>, 495 F.3d 1263 n.4, and 1266; <u>Mercado</u>, 407 F.3d at 1157 ("In determining whether the officers' force was unreasonable, [the court] must determine 'whether a reasonable officer would believe this level of force is necessary in the situation at hand.'").

The Complaint simply does not allege sufficient facts to show that Sgt. Nobles's actions were objectively unreasonable. Indeed, on its face, the Plaintiff's allegations most plausibly shows that Sgt. Nobles acted lawfully in pursuit of an armed fleeing felon and that Plaintiff's own actions and decisions were the cause of his injuries. At most, the allegations describe a mistake by Sgt. Nobles, which is not a Fourth Amendment violation. See <u>Maryland v. Garrison</u>, 480 U.S. 79, 87, 107 S. Ct. 1013 (1987) ("[T]he Court has recognized the need to allow some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing search warrants.").

**4.      As to Nobles, the Complaint Should Be Dismissed because Nobles is Entitled to Qualified Immunity**

Qualified immunity shields government officials executing discretionary functions from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Application of this standard requires the Court to conduct its review through the eyes of an objective, reasonable government official and ask whether a reasonable official believed his or her actions to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. <u>Nicholson v. Georgia Dept. Of Human Resources</u>, 918 F.2d 145, 147 (11th Cir. 1990), *citing* <u>Anderson v. Creighton</u>,

483 U.S. 635, 641-42, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987); <u>Malley v. Briggs</u>, 475 U.S. 335, 346 (1986). Unless it can be said that the state of the law was of such clarity that a reasonable official should have been on notice that his or her challenged conduct was unlawful, that official is entitled to qualified immunity. <u>Clark v. Evans</u>, 840 F.2d 876, 880 (11th Cir. 1988).

Once a defendant government official shows that he or she was engaged in a discretionary duty at the time complained of, the burden shifts to the plaintiff to show that defendant is not entitled to qualified immunity. <u>Hadley v. Gutierrez</u>, 526 F.3d 1324, 1329 (11th Cir. 2008). In the instant case, Plaintiff alleges in the Complaint that Nobles "was, at all times material, an officer acting within the course and scope of his employment by the Jacksonville Sheriff's Office and the City of Jacksonville." (Complaint, ¶ 7). The plain language of the complaint shows that Nobles was engaged in a discretionary duty, and the burden therefore shifts to the Plaintiff.

A plaintiff's burden involves a two-step inquiry.[6] The first question is whether the facts alleged show that Nobles's conduct violated a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). The second question is whether the right was clearly established. <u>Id.</u> In determining whether a right is clearly established, "[t]he relevant, dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id.</u> at 202. Viewed under an objectively reasonable standard, a government official performing discretionary functions is protected if "a reasonable official *could* have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." <u>Hardin v. Hayes</u>, 957 F.2d 845, 848 (11th

---

[6] Courts have discretion in determining which of the two questions should be addressed first. <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009).

Cir.1992).  "For qualified immunity to be surrendered, pre-existing law must dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances."  Lassiter, 28 F.3d at 1150.  In other words, an officer is entitled to qualified immunity from liability "if a reasonable officer might not have known for certain that the conduct was unlawful."  Ziglar v. Abbasi, 2017 WL 2621317 at *24 (U.S. June 19, 2017).

As set forth above, the facts alleged in the complaint do not show any violation of K.A.'s constitutional rights, nor do the allegations of the Complaint show that the claimed constitutional rights were clearly established.  Plaintiff's minimal facts and conclusory allegations are insufficient to meet its burden.

Even if Plaintiff could establish a constitutional violation under the minimal factual assertions and conclusory allegations of the complaint, nothing in the Complaint shows that the constitutional right claimed by Plaintiff was clearly established.  The Supreme Court recently reaffirmed "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality'" but instead "must be 'particularized' to the facts of the case."  White v. Pauly, 137 S.Ct. 548, 552 (2017).  Failure to particularize the clearly established law could effectively eviscerate the doctrine of qualified immunity by allowing plaintiffs to defeat it with a mere allegation of a "violation of extremely abstract rights."  Id. at 552.  *Compare* Jones v. Fransen, 857 F.3d 843, 854-55 (11th Cir. 2017) (general principle that Fourth Amendment prohibits excessive force was insufficient to defeat officers' entitlement to qualified immunity, *citing* White v. Pauly).  In the instant case, no case law from the U.S. Supreme Court, the U.S. Court of Appeals for the Eleventh Circuit, or the Florida Supreme Court provided Nobles with fair notice that the conduct alleged in the complaint violated a constitutional right under these

particular circumstances.  Plaintiff cannot meet its burden of establishing, based on the allegations of the complaint, that no objectively reasonable officer possessing the same knowledge as Nobles could have believed that the use of deadly force was justified.

**5.    The Complaint Contains Insufficient Allegations as to Municipal Policy (or Deliberate Indifference) and "Moving Force" – Count III (City)**

To prevail against a municipality in a civil rights action under 42 U.S.C. § 1983, a plaintiff must first show a deprivation of a right secured by the Constitution and laws of the United States.[7]  Once such a deprivation is demonstrated, a plaintiff must then prove that an official "custom" or "policy" was the "moving force" behind the violation.  Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-94, 98 S. Ct. 2018 (1978); *see also* Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).  "Congress did not intend municipalities to be held liable unless action pursuant to official policy of some nature caused a constitutional tort."  Monell, 436 U.S. at 691.

Even assuming the Complaint alleges a constitutional violation, the law is clear that in order to "attribute liability to a municipality under Section 1983, [a] plaintiff must demonstrate that the municipality had an official policy that was 'the moving force of the constitutional violation.'"  Gainor v. Douglas County, Georgia, 59 F.Supp.2d 1259, 1291 (N.D.Ga. 1998) (citations omitted); see also McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004).  "Thus, in order to hold [a municipality] liable [under §1983] . . ., [a] plaintiff[] must establish a constitutional violation, municipal culpability, and causation.  If [a] plaintiff[] [is] unable to

---

[7] Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), overruled on other grounds Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662 (1986); Everett v. Napper, 833 F.2d 1507, 1510; Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), *cert. denied,* 464 U.S. 963, 104 S. Ct. 399 (1983). Section 1983 alone creates no substantive rights; rather, it provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 2674 n.3 (1979); Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).

prove any of the three, [its] challenge necessarily fails." <u>Best v. Cobb County, Georgia</u>, 239 Fed.Appx. 501, 503 (11th Cir. 2007). Accordingly, a county or municipality can be liable in a §1983 action "only where the municipality itself causes the constitutional violation at issue." <u>Cook ex. rel. Estate of Tessier v. Sheriff of Monroe County</u>, 402 F.3d 1092, 1115 (11th Cir. 2005) (citations omitted); *see also* <u>Monell</u>, 436 U.S. at 693-94, (a plaintiff must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation).

Here, the Complaint fails to identify with any factual specificity <u>any</u> municipal custom, policy, or practice that existed and caused <u>any</u> violation of K'A's constitutional rights or how Sheriff Williams "instituted customs, practices, and/or policies that violated fundamental human rights and justice in such a way that shocks the conscience and that directly deprived [K.A.] of his life and liberty without due process of law." (Complaint ¶24). Instead, the Complaint merely describes a single event–the March 19, 2015 incident–which was caused solely by K.A.'s panicked decision to flee from police, potentially placing the lives of others in jeopardy. Moreover, even if the allegations regarding the incident show a constitutional violation, the allegation of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality. <u>Craig v. Floyd Cnty., Ga.</u>, 643 F.3d 1306, 1310 (11th Cir. 2011), *citing* <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 823–24, 105 S. Ct. 2427, 2436 (1985) (plurality opinion). Likewise, the mere fact that the Plaintiff included the works "practices", "customs" and "policies" in its Complaint does not make its Section 1983 claim sufficient. *See* <u>Reyes v. City of Miami Beach</u>, No. 07-22680-CIV, 2007 WL 4199606 (S.D. Fla., Nov. 26, 2007).

Further, Plaintiff's allegation that Sheriff Williams's failure to discipline ratified the conduct is insufficient to state a claim under §1983 (Complaint, ¶25). While it is true that a

persistent failure to take disciplinary action against officers can give rise to the inference that a municipality has ratified conduct, thereby establishing a "custom" within the meaning of <u>Monell</u>, Plaintiff's Complaint is devoid of any facts that would support such an inference. *See* <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436, 1443 (11th Cir. 1985). For example, Plaintiff fails to allege any facts to show that Sheriff Williams failed to take disciplinary action against officers involved in prior incidents of excessive force, or that after having actual knowledge of such incidents the Sheriff ratified the prior conduct through indifference or neglect. *See* <u>Fundiller</u>, 777 F.2d at 1442-43. Lastly, the Complaint fails to allege <u>any</u> facts to show municipal liability based on Sheriff Williams's alleged failure to adequately train his employees in the face of a known need for such training. (Complaint, ¶27).

With respect to how any City custom or practice caused any violation of Plaintiff's constitutional rights in this instance, the Complaint merely alleges an unsupported conclusion. (*Id.*, ¶28). The Complaint includes absolutely no facts about the so-called "clear pattern of unconstitutional officer shootings" (*Id.*, ¶27), to relate them to the circumstances of this case for <u>Monell</u> purposes–absolutely zero <u>facts</u> are alleged to show how these unrelated events, or the discipline that was or was not meted out to the officers involved, somehow <u>caused</u> Sgt. Nobles to shoot the Plaintiff in violation of his constitutional rights.

Even assuming such allegations of fact, referencing an unspecified number of unrelated past events does not a valid Section 1983 claim make. *See*, *e.g.*, <u>Btesh v. City of Maitland, Florida</u>, No. 6:10-cv-71-Orl-19DAB, 2011 WL 3269647 *30 (M.D. Fla., July 29, 2011) (expert's testimony that 48 justified uses of deadly force was "highly improbable," without identifying a single incident where he believed that the use of deadly force was unreasonable, does not create a genuine issue of material fact regarding whether city was on notice of a history of prior uses of

excessive force); <u>Burnette v. Ciolino</u>, 750 F. Supp. 1562, 1564-1565 (M.D. Fla. 1990) (citing to 5 shootings in a five-year period in Lee County as ". . . nothing more than isolated incidents that clearly cannot be said to establish . . . a 'custom' or 'widespread practice . . .' as a matter of law); <u>Fitch v. Scott</u>, No. 2:03-CV-465-FTM29DNF, 2005 WL 1925028 *9 (M.D. Fla., August 10, 2005) (even sheriff's personal participation in investigation of force incident insufficient to show ratification in absence of proof of widespread abuse; showing the sheriff knew about the incident afterwards "does not mean that the deputy acted pursuant to a . . . custom").

Lastly, it is well-settled that more than conclusory and vague allegations are required to state a cause of action under Section 1983. *See* <u>L.S.T., Inc., v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). Thus, Plaintiff's general allegation of a "clear pattern of unconstitutional officer shootings" is insufficient to satisfy the standards of <u>Twombly</u> and <u>Iqbal</u>. <u>Cooper v. City of Starke, Fla.</u>, No. 3:10-cv-280-J-34MCR, 2011 WL 1100142, at *8 (M.D. Fla., March 23, 2011); *see also* <u>Doe v. School Bd. of Broward County, Fla.</u>, 604 F.3d 1248, 1266 (11th Cir. 2010) (". . . Doe's conclusory assertion of a 'history of widespread abuse' is clearly insufficient to put [the defendant] on notice of an ongoing constitutional deprivation."). In sum, Count III is little more than a jumbled collection of formulaic, boilerplate allegations regarding a single incident and should be dismissed as insufficient to state a claim for relief. *See* <u>Iqbal</u>, 556 U.S. at 678-79.

## Conclusion

For the reasons stated, the Complaint is due to be dismissed with prejudice in its entirety, as barred by the applicable statute of limitations. Alternatively, it should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**

**/s/   Sean B. Granat**
_____
**SEAN B. GRANAT, ESQ.**
DEPUTY GENERAL COUNSEL
Florida Bar No.: 0138411
SGranat@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
904-630-1859; 904-630-1316
Attorney for Defendant City of Jacksonville


**/s/   Stephen J. Powell**
_____
**STEPHEN J. POWELL, ESQ.**
CHIEF, TORT & EMPLOYMENT LITIGATION
Florida Bar No.: 305881
SPowell@coj.net
**R. ANTHONY SALEM, ESQ.**
ASSISTANT GENERAL COUNSEL
Florida Bar No.: 0084642
ASalem@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
904-630-1847; 904-630-1316
Attorneys for Defendant Nobles


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 25th day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

**/s/ R. Anthony Salem**
_____
**R. ANTHONY SALEM, ESQ.**