UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENEANE CAMPBELL, as Personal
Representative of the Estate of
K.A., Deceased,

      Plaintiff,

vs.                                    Case No.: 3:17-cv-00914-MMH-JRK

THE CITY OF JACKSONVILLE,
MIKE WILLIAMS, individually and in his
Official Capacity as Sheriff of the Consolidated
City of Jacksonville and Duval County, and
J.C. NOBLES,

      Defendants.
_____/

## DEFENDANTS' UNOPPOSED MOTION TO STAY

Defendants, THE CITY OF JACKSONVILLE, FLORIDA ("City") and J.C. NOBLES, hereby move this Court for an order staying all proceedings in this matter.  In support of this Motion, Defendants state as follows:

1.      Plaintiff's Complaint sets forth claims pursuant to Florida's Wrongful Death Act and 42 U.S.C. § 1983 against the City of Jacksonville (Counts I and II) and Nobles (Count II).  Nobles is sued in his individual capacity as stated in Count II of Plaintiff's Complaint.  (Doc. 2).

2.      On August 25, 2017, Defendants filed a joint Motion to Dismiss Plaintiff's Complaint that is currently pending before this Court.  (Doc. 5).  As part of the Motion to Dismiss, Nobles has asserted he is entitled to qualified immunity.  The Defendants' Motion to Dismiss is meritorious and dispositive of this case.

3.      Qualified immunity is an immunity from the burden of litigation.  If Nobles is required to participate in litigation proceedings while the Motion to Dismiss is pending, he is effectively denied immunity.  Furthermore, as the facts and issues relating to the City of Jacksonville and the other pending claims in this case are intertwined, all proceedings should be stayed pending resolution of the qualified immunity issue.

4.      Pursuant to Rule 3.01(g), Local Rules for the Middle District of Florida, the undersigned has conferred with Ted Pina, Esq, counsel for Plaintiff, who has stated that he agrees to the Motion.

### MEMORANDUM OF LAW IN SUPPORT

Plaintiff's claims in the Complaint are brought pursuant to 42 U.S.C. § 1983 against Nobles in his individual capacity (Count II).  As such, he is entitled to and has raised the defense of qualified immunity, as discussed in detail in his dispositive Motion to Dismiss the Complaint pending before this Court.  (Doc. 5).  Because Nobles is entitled to claim the defense of qualified immunity from suit, staying discovery is strongly urged by existing case law as explained below.

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 815 (2009).  In Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982), the Supreme Court explained that qualified immunity seeks to protect government officials from "the cost of trial and the burdens of broad reaching discovery."

The Eleventh Circuit Court of Appeals has recently held that a district court should decide qualified immunity issues before requiring the parties to litigate plaintiff's claims or consider settlement.  In Howe v. City of Enterprise, 861 F.3d 1300 (11th Cir., July 6, 2017), the

defendants in a § 1983 action moved to dismiss the plaintiff's amended complaint on several grounds, including asserting the individual officer was entitled to qualified immunity.  Id. at 1301.  The district court denied the motion to dismiss, but instructed the plaintiff to file a second amended complaint to clarify certain claims and required the parties to meet pursuant to Federal Rule of Civil Procedure 26(f) to discuss the possibility of settlement and set discovery deadlines. Id.

The Eleventh Circuit held that requiring the parties to engage in discovery and discuss settlement before issuing a ruling on qualified immunity was inconsistent with well-established law that immunity "is a right not to be subjected to litigation beyond the point at which immunity is asserted."  Id. at 1302, *citing* Bouchart Transp. Co. v. Fla. Dep't of Envtl. Prot., 91 F.3d 1445 (11th Cir. 1996).   Therefore, the Eleventh Circuit held that the district should decide "those immunity issues before requiring the parties to litigate [the plaintiff's] claims any further." Howe, 861 F.3d at 1303.

Furthermore, in Siegert v. Gilley, 500 U.S. 226 (1991), the Supreme Court explained that government officials claiming qualified immunity at this stage should not be subjected to discovery.  The Court instructed:

> In Harlow we said that "[u]ntil this *threshold* immunity question is resolved, discovery should not be allowed." Harlow, *supra*, at 818, 102 S.Ct., at 2738 (emphasis added). A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is "clearly established" at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all. Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits. One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.

3

Id. at 232.  *See also*, id. at 236 (Kennedy, J., concurring) ("[A]voidance of disruptive discovery is one of the very purposes for the official immunity doctrine....").

In Mitchell v. Forsyth, 472 U.S. 511 (1985), the Supreme Court likewise emphasized that where the defense of qualified immunity has been raised, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government."  Id. at 526, *citing* Harlow*, supra*.  The Supreme Court went on to explain in Mitchell that "[u]nless the plaintiff's allegations state a claim for violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery."*  Id. (emphasis added). *See also,* Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987).

Recently, in Pearson*, supra.,* the Supreme Court again instructed:

> Because qualified immunity is an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial.  Indeed, we have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved *prior to discovery*. Accordingly, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.

129 S.Ct. at 815 (emphasis added, internal citations omitted). *See also*, Cottrell v. Caldwell*,* 85 F.3d 1480, 1487 (11th Cir. 1996)("the [qualified immunity] defense is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery"); Green v. Brantley, 941 F.2d 1146, 1149-50 (11th Cir. 1991).

In the instant case, Nobles's motion to dismiss based on qualified immunity asserts that the Plaintiff's Complaint does not establish that Nobles violated K.A.'s constitutional rights or a violation of clearly established law.  (Doc. 5).  As the Supreme Court urged, this Court should

resolve this qualified immunity issue before requiring Nobles to undergo the rigors and expense of discovery.

This is further illustrated, in Caraballo-Sandoval v. Honstead, 35 F.3d 521 (11th Cir. 1994), *reh'g denied en banc,* 48 F.3d 538 (11th Cir.1995), where the district court stayed discovery pending disposition of the defendants' motion to dismiss based on qualified immunity. The Eleventh Circuit concluded that "the district court properly stayed discovery until it decided the qualified immunity issue." Id. at 524, *citing* Harlow*, supra.*

Similarly, in Hargrove v. Henderson, 1996 WL 467516 (M.D. Fla.1996), the District Court granted a motion to stay discovery pending resolution of a motion for summary judgment based on the qualified immunity defense. The District Court, relying on Cottrell*, supra.* and Caraballo-Sandoval*, supra*., explained:

> Because the purpose of qualified immunity is to spare a Defendant from the rigors of defending a lawsuit, courts should determine whether the Defendant is entitled to this immunity as early as possible in the litigation. Qualified immunity is designed to insulate the Defendant not only from the burden of submitting to trial, *but also from the burdens of such pretrial matters as discovery*. Thus, it is within the discretion of the Court to stay discovery until the qualified immunity issue is resolved, especially if such resolution results in the dismissal of the case or a portion thereof.

*Id*. at *2 (emphasis added).

Likewise, in Allmond v. City of Jacksonville, 2008 WL 2704426 (M.D. Fla. 2008), a Plaintiff sued police officers in their individual capacity under 42 U.S.C. §1983, as well as asserting a §1983 and state law tort claims against the City. Both the City and the individual officers moved to dismiss the Plaintiff's complaint, the latter on the grounds of the qualified immunity defense. The defendants also moved to stay discovery pending resolution of their dispositive motions to dismiss.

In granting the motion to stay discovery, the Court explained:

> As Individually Named Defendants correctly point out, qualified immunity seeks to protect government officials from the burdens of litigation, which includes the discovery process. *See* <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817-18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). . . . . *[T]he undersigned is convinced case precedent exists to protect government officials named as defendants from the discovery process until the issue of immunity is ruled upon once it has been raised. See, e.g.,* <u>Caraballo-Sandoval v. Honsted</u>, 35 F.3d 521, 524 (11th Cir.1994) (noting that the district court properly stayed discovery in that civil rights case until the issue of qualified immunity of prison officials was decided).

*Id.* at *2 (emphasis added).

The Court in <u>Allmond</u> indicated that it took a "cursory glance" at the defendants' motions to dismiss and determined, as is the case here, that resolution of the motions could potentially dispose of the entire case. <u>Id.</u> The Court also indicated, as is the case here, that the Plaintiff would not be prejudiced by a temporary delay in discovery while the potentially dispositive motions were decided. <u>Id.</u> The Court concluded that the defendants had met their burden and had shown good cause for staying discovery, as is the case here. <u>Id.</u> *See also,* <u>Doe v. Consolidated City of Jacksonville</u>, Case No.: 3:09-cv-565-J, (M.D. Fla. 2009) (Dkt. No. 34)(Order Granting Motion to Stay Discovery).

The fact that Nobles has filed a meritorious dispositive motion to dismiss on the basis of qualified immunity, amongst other grounds, coupled with the fact that the City has also filed a meritorious dispositive motion to dismiss, and granting these motions would dispose of the entire case, is good cause for granting this motion to stay discovery and relieve the parties of the case management reporting requirements and all further proceedings until resolution of the dispositive motion. Consistent with the Eleventh Circuit's decision in <u>Howe</u>, Defendants request this Court

stay all further proceedings until Defendant Nobles's Motion to Dismiss on the basis of qualified immunity has been decided.  Importantly, a stay is appropriate for all proceedings in this matter, as the facts relating to all parties – Nobles and the City – arise out of the same incident and set of facts.

For the foregoing reasons, Defendants request this Court stay all proceedings until such time as the Court rules on Defendants' Motion to Dismiss.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**

**/s/   Sean B. Granat**
_____
**SEAN B. GRANAT, ESQ.**
DEPUTY GENERAL COUNSEL
Florida Bar No.: 0138411
SGranat@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
904-630-1859; 904-630-1316
Attorney for Defendant City of Jacksonville


**/s/   Stephen J. Powell**
_____
**STEPHEN J. POWELL, ESQ.**
CHIEF, TORT & EMPLOYMENT LITIGATION
Florida Bar No.: 305881
SPowell@coj.net
**R. ANTHONY SALEM, ESQ.**
ASSISTANT GENERAL COUNSEL
Florida Bar No.: 0084642
ASalem@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
904-630-1847; 904-630-1316
Attorneys for Defendant Nobles

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of September, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ R. Anthony Salem

_____

R. ANTHONY SALEM, ESQ.